Case 1:25-cr-00061-KD-B    Doc# 18    Filed 06/17/25    Page 1 of 3    PageID# 61

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 25-CR-00061-KD-B |
| | ) |
| ALBERT EMIL TILLMAN | ) |
|    Defendant. | ) |

## ORDER

This action is before the Court on Defendant's Motion to Dismiss due to a denial of speedy trial and the United States' Response. (Docs. 14, 15). Defendant was ordered to file a reply on or before June 13, 2025. (Doc. 17). However, no reply has been filed by the date of this order. Upon consideration, and for the reasons below, Defendant's motion is **DENIED**.

**I.     Background**

On March 26, 2025, the United States brought an Indictment against Defendant Albert Emil Tillman ("Tillman") alleging two violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm/ammunition) on or about March 5, 2021. (Doc. 1). The Indictment explained that Tillman had previously been convicted of three felonies: (1) on June 6, 2000, for first degree robbery; (2) on April 20, 2009, for unlawful possession of a controlled substance; (3) on August 22, 2013, for conspiracy to manufacture methamphetamine and felon in possession. (Doc. 1 at 1).

On June 4, 2025, Tillman moved to dismiss the Indictment on speedy trial grounds. (Doc. 24). Tillman's motion to dismiss partially outlines the events leading up to the Indictment. (Id. at 1). Tillman's supervised release term ("SRT") was revoked after Tillman was taken into custody on or about March 5, 2021, for being a felon in possession of a firearm and ammunition. (Id.). Tillman was ordered to serve eighteen months upon revocation. (Id.). While on his next term of supervised release, Tillman's SRT was revoked again. (Id.). Tillman was ordered to serve twelve

1

months and was released from custody with no supervision on June 21, 2024. (Id.). On March 26, 2025, the United States returned its Indictment charging March 5, 2021, violations of § 922(g)(1). (Id.).

## II. Analysis

Tillman moves to dismiss the United States' Indictment due to the denial of a speedy trial. (Doc. 14). In short, Tillman argues that his speedy trial right has been denied because the United States' four-year delay in indicting him for § 922(g)(1) violations is excessive. (Id. at 2). Tillman also contends that the delay is prejudicial to him because he has served over two years in federal custody for this offense during the delay. (Id.).

The United States' response explains that Tillman mistakes a speedy trial violation (from a post-indictment delay) with a due-process violation (from a preindictment delay). (Doc. 15 at 1). A preindictment delay is "wholly irrelevant" to the "Speedy Trial Clause of the Sixth Amendment." United States v. Lovasco, 431 U.S. 783, 788 (1977). Because Tillman alleges a preindictment delay, the proper inquiry for a due-process challenge is whether Tillman establishes "both (1) that the delay actually prejudiced his defense, and (2) that it resulted from a deliberate design by the government to gain a tactical advantage over him." United States v. Farias, 836 F.3d 1315, 1325 (11th Cir. 2016). Here, Tillman fails to establish both elements.

Tillman makes the general allegation that the delay was "prejudicial to [him] because he served over two (2) years in federal custody for this offense during the delay." (Doc. 14 at 2). But Tillman makes no claim that the delay "actually prejudiced *his defense*." Farias, 836 F.3d at 1325 (emphasis added). Vague allegations that the passage of time prejudiced one's defense are insufficient to show actual prejudice to defense. See id. Further, it is unclear how Tillman was

2

prejudiced by serving time in federal custody for his violations of his SRT terms.[1] Thus, Tillman fails to establish that the United States' preindictment delay prejudiced his defense.

Even if Tillman established actual prejudice to his defense, he would need to show that the delay resulted from the United States' deliberate design to gain a tactical advantage over him. Here, Tillman makes no such allegations. Therefore, Tillman fails to establish a prima facie case of a constitutional violation from the delay, and Tillman's motion to dismiss is **DENIED**.[2]

**DONE** and **ORDERED** this **17th** day of **June 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] On May 3, 2021, Tillman's SRT was revoked when he was found guilty of two § 922(g)(1) offenses and three technical offenses: (1) drug use and admitted drug distribution and possession of drug paraphernalia; (2) frequenting places where drugs are sold and used; and (3) criminal association. (11-CR-362; Doc. 88).

On September 18, 2023, Tillman's SRT was revoked when he admitted guilt to two violations: (1) admitted use of methamphetamine and (2) third degree domestic violence. (11-CR-362; Doc. 104).

[2] Absent specific allegations of a constitutional violation, a defendant is not entitled to an evidentiary hearing on the issue. United States v. Farias, 836 F.3d 1315, 1325 (11th Cir. 2016). Here, Tillman fails to make specific allegations of a constitutional violation by the United States' delay. Thus, Tillman is not entitled to an evidentiary hearing.